**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

```
FILED: JULY 30, 2008
08CV4310
JUDGE DARRAH
MAGISTRATE JUDGE VALDEZ

JFB
```

| | | |
|---|---|---|
| IRA HOLTZMAN, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| | ) | Case No. |
| Plaintiff, | ) ) ) | |
| v. | ) ) | REMOVAL FROM CIRCUIT COURT OF |
| ROLAND GAUCHER d/b/a AAA COMMERCIAL ROOFING CO., | ) ) ) | COOK COUNTY, ILLINOIS |
| Defendant. | ) ) | |

**NOTICE OF REMOVAL TO FEDERAL COURT**
**BASED ON FEDERAL QUESTION JURISDICTION**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant, ROLAND GAUCHER

d/b/a AAA COMMERCIAL ROOFING CO., by and through his attorneys, Eric L. Samore and

Vasudev N. Addanki of SmithAmundsen LLC, hereby submits this Notice of Removal to the

United States District Court for the Northern District of Illinois, Eastern Division, of the above-

styled action, pending as Case No. 08 CH 00606 in the Circuit Court of Cook County, Illinois,

County Department, Chancery Division.  In support of this petition and as grounds for removal,

Defendant states as follows:

1.      On or about January 7, 2008, Plaintiff, Ira Holtzman ("Plaintiff") filed this action

in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, styled, Ira

Holtzman v. Roland Gaucher d/b/a AAA Commercial Roofing Co., Case No. 08 CH 00606.

(Defendant attaches as **Exhibit A** to this Notice of Removal to Federal Court based on Federal

Question Jurisdiction a copy of the Class Action Complaint, together with summons).   No

proceedings have occurred in the Circuit Court of Cook County as of the date of this removal.

2.    A copy of Plaintiff's Class Action Complaint and Summons were served on Defendant's registered agent on or after July 1, 2008.

3.    The Class Action Complaint alleges three causes of action based on an alleged transmission from Defendant to Plaintiff of a purported unsolicited facsimile advertisement. Specifically, the Class Action Complaint contains the following claims: violation of the Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA"); conversion; and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFA").  Plaintiff brings these claims on behalf of a class of persons.  (*See* **Exhibit A**).

4.    This case is a civil action of which the United States District Court for the Northern District of Illinois has original jurisdiction under the provisions of 28 U.S.C. § 1331 because Plaintiff has alleged a cause of action under the TCPA, as indicated by not only Count I but by the "Preliminary Statement" of the Class Action Complaint.  *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449-51 (7th Cir. 2005).

5.    Removal to this federal court is authorized by 28 U.S.C. § 1441.  The Seventh Circuit has held in another TCPA-based lawsuit that TCPA actions are removable under 28 U.S.C. § 1441 because a claim pursuant to the TCPA arises under federal law.  *Brill*, 427 F.3d at 449-51 (stating that removal of the TCPA action was authorized by Section 1441 and allowed by 47 U.S.C. § 227(b)(3)).

6.    This Court has supplemental jurisdiction over Plaintiff's ICFA and conversion claims because they form part of the same case or controversy as the alleged TCPA violation. *See* 28 U.S.C. § 1367.  Plaintiff's claims do not raise novel or complex issues of Illinois law nor do Plaintiff's state law claims predominate over its federal TCPA claim.  *See* 28 U.S.C. § 1367(c).  This Court also has supplemental jurisdiction over plaintiff's state law claims pursuant

to 28 U.S.C. § 1441(c).

7.     There are no other defendants named in this action.

8.     At the time of filing this Notice of Removal to Federal Court, no other processes, pleadings, or orders, other than the documents attached hereto, have been served upon Defendant.  Plaintiff has not yet requested a trial by jury as indicated by the Class Action Complaint.

9.     This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b), as it is filed within 30 days after Defendant was served with the Summons and Class Action Complaint, which sets forth the claims upon which the Notice of Removal is based.  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

10.    Written notice of this Notice of Removal is being served upon Plaintiff, and a copy of the Notice of Removal is being filed with the Circuit Court of Cook County, Illinois, County Department, Chancery Division.  The Circuit Court of Cook County, Illinois, is located within this District and Division.

WHEREFORE, for the foregoing reasons, Defendant, ROLAND GAUCHER d/b/a AAA COMMERCIAL ROOFING CO., petitions that the above-entitled action be removed and transferred from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois.

Respectfully Submitted,

ROLAND GAUCHER d/b/a AAA COMMERCIAL ROOFING CO.

By:    /s/ Eric L. Samore_____
       One of his Attorneys

Eric L. Samore, ARDC # 6181345
Vasudev N. Addanki, ARDC # 6278927
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Phone: (312) 894-3200
Fax: (312) 894-3210

## **CERTIFICATE OF SERVICE**

      Eric L. Samore, an attorney, certifies that he caused the foregoing Notice of Removal to be served upon the parties of record listed below by placing copies of the documents in envelopes addressed as aforesaid, with proper postage pre-paid, and depositing the envelopes in the U.S. Mail chute at 150 N. Michigan, Chicago, IL, before 5:00 p.m. on July 30, 2008.

                    s\Eric L. Samore

## **SERVICE LIST**

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
847-368-1500

Phillip A. Bock
Bock & Hatch LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
312-658-5500

FILED: JULY 30, 2008
08CV4310
JUDGE DARRAH
MAGISTRATE JUDGE VALDEZ

JFB

# EXHIBIT A

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

(Name all parties)

Ira Holtzman, individually and as the representative of a class of similarly-situated persons

v.

ROLAND GAUCHER d/b/a AAA Commercial Roofing Co.

No. 08 CH0606

Serve: Roland Gaucher
59 Cleveland Street
Putnam, CT 06260

### ALIAS
### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __802__, Chicago, Illinois 60602

| ☐ District 2 - Skokie | ☐ District 3 - Rolling Meadows | ☐ District 4 - Maywood |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ☐ District 5 - Bridgeview | ☐ District 6 - Markham | ☐ Child Support |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 51306

Name: Brian J. Wanca @ Anderson+Wanca

Atty. for: Plaintiff

Address: 3701 Algonquin Rd. Suite 760

City/State/Zip: Rolling Meadows, IL 60008

Telephone: 847/368-1500

Service by Facsimile Transmission will be accepted at: _____

WITNESS, DOROTHY BROWN JUN-0 6 2008

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

_____ (Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

IRA HOLTZMAN,  individually and as the ) 
representative of a class of similarly-situated )
persons, )
                   )
                Plaintiff, )
                )   No.
       v. )
                )   **08CH00606**
ROLAND GAUCHER d/b/a AAA )
COMMERCIAL ROOFING CO. )
                )
                Defendant. )

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, IRA HOLTZMAN, by his attorneys, Anderson + Wanca and Diab & Bock,

LLC, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to certify for class

action treatment the following classes, as described in Plaintiff's Class Action Complaint:

All persons who (1) on or after four years prior to the filing of this
action, (2) were sent telephone facsimile messages of material
advertising the commercial availability of any property, goods, or
services by or on behalf of Defendant, (3) with respect to whom
Defendant did not have prior express permission or invitation for
the sending of such faxes, and (4) with whom Defendant did not
have an established business relationship.

All persons who (1) on or after five years prior to the filing of this
action, (2) were sent telephone facsimile messages of material
advertising the commercial availability of any property, goods, or
services by or on behalf of Defendant (3) with respect to whom
Defendant did not have prior express permission or invitation for
the sending of such faxes, and (4) with whom Defendant did not
have an established business relationship.

All persons who (1) on or after three years prior to the filing of this
action, (2) were sent telephone facsimile messages of material
advertising the commercial availability of any property, goods, or
services by or on behalf of Defendant, (3) with respect to whom
Defendant did not have prior express permission or invitation for

the sending of such faxes, and (4) with whom Defendant did not
have an established business relationship.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, IRA HOLTZMAN, prays that this court enter an order pursuant

to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

IRA HOLTZMAN, individually and as the
representative for a class of similarly-situated
persons

By: _____
One of the Attorneys for Plaintiff

Brian J. Wanca                           Phillip A. Bock
ANDERSON + WANCA                         DIAB & BOCK, LLC
3701 Algonquin Road, Suite 760           134 N. LaSalle Street, Suite 1000
Rolling Meadows, IL  60008               Chicago, IL  60602
Telephone:  847/368-1500                 Telephone:  312/658-5500
Attorney No. 51306                       Attorney No. 42073

2

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

IRA HOLTZMAN, individually and as the )
representative of a class of similarly- )
situated persons, )
                                        )
                    Plaintiff, )
                                        )  No.
        v.                              )        **08CH00606**
                                        )
ROLAND GAUCHER d/b/a AAA               )
COMMERCIAL ROOFING CO., )
                                        )
                    Defendant. )

## CLASS ACTION COMPLAINT

Plaintiff, IRA HOLTZMAN ("Plaintiff"), brings this action on behalf of himself and

all other persons similarly situated, through his attorneys, and except as to those allegations

pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge,

alleges the following upon information and belief against Defendant, ROLAND GAUCHER

d/b/a AAA COMMERCIAL ROOFING CO.

### PRELIMINARY STATEMENT

1.      This case challenges Defendant's practice of faxing unsolicited advertisements.

2.      The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a

person or entity from faxing or having an agent fax advertisements without the recipient's prior

express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a

private right of action and provides statutory damages of $500 per violation.

3.      Unsolicited faxes damage their recipients. A junk fax recipient loses the use of

its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time

that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.     On behalf of himself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.     Plaintiff seeks an award of statutory damages for each violation of the TCPA.

### JURISDICTION AND VENUE

6.     Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

7.     Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Cook County, Illinois.

8.     Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

### PARTIES

9.     Plaintiff is a resident of Cook County, Illinois.

2

10.    On information and belief, Defendant, ROLAND GAUCHER operates a roofing business from Putnam, Connecticut.

## FACTS

11.    On or about January 4, 2008, Defendant faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

12.    Plaintiff had not invited or given permission to Defendant to send fax advertisements.

13.    On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

14.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

3

17.   A class action is warranted because:

(a)   On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)   There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)   Whether Defendant sent unsolicited fax advertisements;

(ii)   Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

(iii)   The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)   Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)   Whether Defendant violated the provisions of 47 USC § 227;

(vi)   Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)   Whether Defendant should be enjoined from faxing advertisements in the future; and

(viii)   Whether the Court should award trebled damages.

18.   Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving

4

unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse

or in conflict with the absent class members.

19.    A class action is an appropriate method for adjudicating this controversy fairly

and efficiently. The interest of each individual class member in controlling the prosecution of

separate claims is small and individual actions are not economically feasible.

20.    The TCPA prohibits the "use of any telephone facsimile machine, computer or

other device to send an unsolicited advertisement to a telephone facsimile machine...." 47

U.S.C. § 227(b)(1).

21.    The TCPA defines "unsolicited advertisement," as "any material advertising the

commercial availability or quality of any property, goods, or services which is transmitted to

any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.    The TCPA provides:

> 3.    Private right of action. A person may, if
> otherwise permitted by the laws or rules of court of a state, bring
> in an appropriate court of that state:
>
> > (A)    An action based on a violation of this
> > subsection or the regulations prescribed under this
> > subsection to enjoin such violation,
> >
> > (B)    An action to recover for actual monetary
> > loss from such a violation, or to receive $500 in damages
> > for each such violation, whichever is greater, or
> >
> > (C)    Both such actions.

23.    The Court, in its discretion, can treble the statutory damages if the violation was

knowing. 47 U.S.C. § 227.

5

24.    Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

25.    The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

26.    Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services.

27.    Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

28.    Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, IRA HOLTZMAN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, ROLAND GAUCHER d/b/a AAA COMMERCIAL ROOFING CO., as follows:

6

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award $500.00 in damages for each violation of the TCPA;

C.    That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

D.    That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

29.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

31.    A class action is proper in that:

(a)    On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

7

(i)      Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)     The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii)    Whether Defendant committed the tort of conversion.

32.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

33.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.    By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

35.    Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

36.    By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

8

37.    Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

38.    Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

39.    Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

40.    Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, IRA HOLTZMAN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, ROLAND GAUCHER d/b/a AAA COMMERCIAL ROOFING CO., as follows:

9

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.    That the Court award appropriate damages;

C.    That the Court award costs of suit; and

D.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## 815 ILCS 505/2

41.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42.    In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

43.    A class action is proper in that:

(a)    On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

10

(b)     There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i)     Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)     The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iii)     Whether Defendant's practice of sending unsolicited faxed advertisements violates Illinois public policy;

(iv)     Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

(v)     Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

44.     Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

45.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

46.     Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense

11

without any consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

47.    Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

48.    Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

49.    Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, IRA HOLTZMAN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, ROLAND GAUCHER d/b/a AAA COMMERCIAL ROOFING CO., as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award damages to Plaintiff and the other class members;

12

C.     That the Court award attorney fees and costs;

D.     That the Court enter an injunction prohibiting Defendant from sending

unsolicited faxed advertisements to Illinois consumers; and

E.     Awarding such further relief as the Court may deem just and proper, but in any

event, not more than $75,000.00 to any individual member.

                                 Respectfully submitted,

                                 IRA HOLTZMAN, individually and as the
                                 representative of a class of similarly-situated
                                 persons

                        By:      ~~~~~~~~~~~~~~~~~
                                 One of Plaintiff's Attorneys


Brian J. Wanca                          Phillip A. Bock
ANDERSON + WANCA                        DIAB & BOCK, LLC
3701 Algonquin Road, Suite 760          134 N. LaSalle Street, Suite 1000
Rolling Meadows, IL  60008              Chicago, IL  60602
Telephone: 847/368-1500                 Telephone:  312/658-5500
Attorney No. 51306                      Attorney No. 42073


                                 13

JUL-16-2008  16:34     JACKSON HARRIS BURL HUBER          860 774 5784     P.18

EXHIBIT A

# AAA COMMERCIAL ROOFING CO.
## Roofing the state of Illinois for Over 30 Years

*All Work Guaranteed!*
*THE FLAT ROOF SPECIALISTS*

## WE SERVICE, MAINTAIN, AND INSTALL
Built-Up Systems, Modified Rubber Systems, Metal Roofs,
EPDM, PVC Hyperline, Tear offs, Flood Coatings,
Aluminum Roof Coatings, Roof Restoration,

Insurance Claims Welcome

Dear Friends and Neighbors,

AAA Commercial Roofing Company would like to take this opportunity to introduce our company and personnel to tell you about our services. We are specialists in the roofing business. We know that choosing a roofing company is not an easy task. AAA Commercial Roofing has been serving the Illinois state since 1976 and is a family owned and operated business. We are fully insured and have the best references in the Illinois Area. We are in the commercial roofing business only! We offer all types of quality roof systems and we only use proven materials such as Koppers, Mannville, Celotex and GAF. We also offer a full line of preventive maintenance to rejuvenate your old roof instead of replacing it. Please call us for a free evaluation and estimate.

NO JOB IS TOO LARGE OR SMALL...

ALSO WE OFFER OUR SERVICES 24/7, 365 DAYS A YEAR (AND HOLIDAYS).

FOR EMERGENCY REPAIRS AND SNOW REMOVALS,

MENTION THIS AD AND GET A 10% DISCOUNT OFF YOUR QUOTE.

CALL OUR CLOSEST LOCATION FOR A FREE ESTIMATE OR EVALUATION

## Please call toll free 1-800-972-1344 for a free estimate

If you would like to be removed from our list, please call toll free 866-860-3439 and follow the voice prompts using pin: #4859