### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IRA HOLTZMAN, individually and as the representative of a class of similarly-situated persons, | ) ) ) | |
| | ) | Case No.    08 C 4310 |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROLAND GAUCHER d/b/a AAA COMMERCIAL ROOFING CO., | ) ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT, ROLAND GAUCHER'S MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM**

**NOW COMES** Defendant, ROLAND GAUCHER, by and through his attorneys, Eric L. Samore and Vasudev N. Addanki of SmithAmundsen LLC, and moves this Honorable Court to dismiss Counts II and III of Plaintiff's Class Action Complaint pursuant to FED. R. CIV. P. 12(b)(6). In support of his Motion to Dismiss, Defendant states as follows:

**I.     STATEMENT OF THE CASE.**

Plaintiff, Ira Holtzman ("Plaintiff"), has brought an action alleging: violation of the prohibition contained in the Telephone Consumer Protection Act of 1991, 27 U.S.C. §227, *et seq.* ("TCPA"); violation of the prohibition contained in the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"); and, conversion of Plaintiff's toner and paper. (Plaintiff's Class Action Complaint is attached hereto as **Exhibit A**). Defendant removed this action from the Circuit Court of Cook County and files this Motion to Dismiss Counts II and III of the Class Action Complaint.

Defendant moves for dismissal of Counts II and III of Plaintiff's Complaint because:

(1)    In Count II, Plaintiff fails to state a claim for conversion because the tort of conversion was intended to remedy the taking or complete destruction of tangible property and does not apply to the purported fax transmissions; and

(2)    In Count III, Plaintiff alleges a violation of the Illinois Consumer Fraud Act but this claim fails to allege conduct that is unfair or deceptive.

Due to the deficiencies in these allegations by Plaintiff, dismissal of Counts II and III contained in the Plaintiff's Class Action Complaint is proper.

## II.    COUNT II OF PLAINTIFF'S CLASS ACTION COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO ALLEGE A CAUSE OF ACTION FOR CONVERSION.

In this case, premised upon the purported unsolicited faxing of one document to the Plaintiff, it would "impermissibly warp the concept of 'conversion' if that label were to be attached to [Plaintiff's] property (ink, toner and paper) that never came into [Defendant's] possession at all." *Rossario's Fine Jewelry, Inc. v. Paddock Publ'ns, Inc.*, 443 F. Supp. 2d 976, 980 (N.D. Ill. 2006). Such a claim based upon "conversion" of "paper and ink or toner" based upon the alleged receipt of one, one-page facsimile fails because Defendant did not unlawfully hold possession of Plaintiff's property and did not assume "'control, dominion or ownership over the property.'" *Id.* (citation omitted.) Therefore, dismissal of the conversion claim is proper.

In order to state a claim for conversion, Plaintiff must allege: 1) the defendant's unauthorized and wrongful act of control, dominion or ownership over the plaintiff's personal property; 2) the plaintiff's right in the property; 3) the plaintiff's right to immediate possession of the property, absolutely and unconditionally; and 4) the plaintiff's demand for possession of the property. *Roderick Dev. Inv. Co. v. Cmty. Bank of Edgewater*, 282 Ill. App. 3d 1052, 668 N.E.2d 1129 (1st Dist. 1996). That Plaintiff's conversion claim is without merit is obvious from simply analyzing the first requirement of stating a conversion claim: that defendant engaged in an

unauthorized and wrongful act of control, dominion or ownership over the plaintiff's personal property. *Id.*[1]

The essence of Plaintiff's conversion claim is that Defendant, by the purported sending to Plaintiff of a one-page fax, "permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use…." (***Exhibit A***, ¶ 36). However, the Northern District of Illinois has previously found that in cases such as this one, the alleged property, including ink, toner, and paper, never comes into Defendant's possession and is, therefore, never unlawfully held by Defendant; there is no control, dominion or ownership exercised by Defendant over the property. *Rossario's*, 443 F. Supp. 2d at 980. Only by improperly "stretching [conversion] language beyond its normal meaning" could the alleged facts show conversion. *Id.* In other words, in the binding legal precedent of *Rossario's*, the Northern District has found that the mere receipt and printing of a fax transmission does not constitute the type of control or dominion over property contemplated by the tort of conversion; it does not entail the taking or complete destruction of property. *Id.*

The case at bar involves the exact same allegations of fact and law that the Northern District considered in *Rossario's*, in which the Court dismissed the conversion claim. Therefore, dismissal of this Count is proper given this clear, legal precedent.

## III. COUNT III FAILS TO STATE A CLAIM FOR AN ICFA VIOLATION BECAUSE DEFENDANT HAS NOT ENGAGED IN A DECEPTIVE ACT OR UNFAIR PRACTICE AND THERE HAS BEEN NO SUBSTANTIAL INJURY OR INTERRUPTION OF BUSINESS.

Plaintiff makes the conclusory assertion that Defendant has engaged in an unfair practice in violation of the Illinois Consumer Fraud Act by sending a purportedly unsolicited fax to Plaintiff. (*See **Exhibit A***, ¶ 46). Such contention is insufficient to state a cause of action under

---

[1] Defendant also avers that Plaintiff's conversion claim fails to meet the other requirements of pleading a conversion claim; however, analysis of this first prong required for a conversion claim alone demonstrates the deficiency.

ICFA, and therefore, requires dismissal.

To state a cause of action for an ICFA violation, Plaintiff must allege: (1) Defendant engaged in a deceptive act or unfair practice; (2) Defendant intended for Plaintiff to rely on the deception or unfair practice; and (3) the unfair or deceptive act occurred during a course of conduct involving trade or commerce. *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 417, 775 N.E.2d 951, 960 (2002). ICFA requires that "the complained-of action be 'unfair'" and that the Plaintiff's complained-of injury constitute "'significant harm.'" *Rossario's*, 443 F. Supp. 2d at 978; *W. Ry. Devices, Corp. v. Lusida Rubber Prods.*, No. 06 C 0052, 2006 U.S. Dist. LEXIS 43867, at *16 (N.D. Ill. June 13, 2006) (citing *Kim v. Sussman*, No. 03 CH 07663, 2004 WL 3135348 at *3 (Ill. Cir. Ct. Oct. 19, 2004))[2]. Plaintiff has not pled such an action. Plaintiff simply alleges that Defendant's "misconduct [in sending unsolicited fax advertisements] caused damages to Plaintiff…including the loss of paper, toner, ink, use of their facsimile machines, and use of employees' time. (*See Exhibit A*, ¶¶ 48, 49).

Plaintiff's ICFA claim does not satisfy the three-prong test of *Robinson*. In particular, Plaintiff's assertion of an action or practice that is purportedly "unfair" does not allege the level of conduct expressly required by the statute; indeed, the alleged sending of a one-page facsimile is an action that falls far outside behavior regulated by ICFA. *See Rossario's*, 443 F. Supp. 2d at 979. Plaintiff cannot state or prove that the purported transmission of one, unsolicited facsimile advertisement constitutes "unfair conduct." To constitute conduct that is unfair, under ICFA, courts consider whether a defendant's conduct: (1) violates public policy; (2) is immoral, unethical, oppressive, or unscrupulous; and, (3) substantially injures the plaintiff. *Robinson*, 201 Ill. 2d at 417-18.

---

[2] ICFA states: "[a]ny person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person." 815 ILCS 505/10a.

Plaintiff has not met its burden of alleging specific and adequate facts to demonstrate unfair or deceptive practices on the part of Defendant. The "pejorative 'unfair practice' label" applied by this Plaintiff to the facts and circumstances of this case—wherein the allegations only involve the purported faxing of a one page facsimile to Plaintiff—fails because these facts do not state a cause of action under ICFA. *See Rossario's*, 443 F. Supp. 2d at 979. Under ICFA and the *Robinson* analysis, Plaintiff's purported receipt on one occasion of a one-page facsimile, does not rise to the required level of oppressiveness. *See id.* (finding the "public policy" consideration of *Robinson* can be met while the other two factors of *Robinson* heavily outweigh consideration of that one element and are patently inapplicable in cases involving a one-page fax advertisement).

Furthermore, Plaintiff's allegation of "substantial injury" for the purported loss of paper, toner, ink and use of the facsimile machine is without precedential support. Defendant's purported transmission of one page worth of text clearly does not constitute the substantial injury requirement of ICFA according to *Western Railway* and *Robinson*. A "practice causes substantial injury to consumers if it causes significant harm to the plaintiff;" however, the "cost of receiving and printing a single page facsimile advertisement cannot be characterized as 'significant harm.'" *Western Railway*, 2006 U.S. Dist. LEXIS 43867, at *16. Additionally, to state a claim under ICFA, Plaintiff must allege and show that the Defendant's violation of ICFA proximately caused "actual damage," which must also be "substantial." *See Western Railway*, 2006 U.S. Dist. LEXIS 43867, at *17. Even without quantifying the amount of alleged damage, Plaintiff's receipt of a one-page fax could only be trivial, costing not more than a few pennies. Furthermore, a Plaintiff cannot claim "substantial injury" based upon claims of sending class-wide faxes because when a putative class representative has no valid claim in its own right, it

cannot bring such a claim on behalf of a putative class. *Western Railway*, 2006 U.S. Dist. LEXIS 43867 at *17 (citing *Bunting v. Progressive Corp.*, 348 Ill. App. 3d 575, 581, (1st Dist. 2004)).

In addition, there is no allegation—indeed no evidence to support such allegation exists—for stating an interruption of business. If anything, there was a minimal disruption of Plaintiff's business, a minimal intrusion into Plaintiff's use of time and a negligible use of Plaintiff's paper and toner. Defendant's conduct does not rise to the level of oppression required to bring a cause of action under ICFA. Also, there are no allegations of significant loss of use of its facsimile machine, unavailability of the machine to receive an important message, or lost profits due to business disruption.

In essence, Plaintiff has failed to state a claim under ICFA as he has not alleged sufficient facts to show that a purported transmission of one page of text via facsimile from Defendant was an unfair or deceptive practice that caused a substantial injury or interruption of business as contemplated by the ICFA. This claim fails as it is built on conclusory and deficient allegations.

**WHEREFORE**, Defendant, ROLAND GAUCHER, respectfully prays that this Honorable Court grant his Motion to Dismiss Counts II and III of Plaintiff's Class Action Complaint, and for such other and further relief this Court deems just and proper.

Respectfully Submitted,

By:    /s/ Vasudev N. Addanki_____
       Attorneys for Defendant,
       ROLAND GAUCHER

## <u>CERTIFICATE OF SERVICE</u>

Vasudev N. Addanki, an attorney, certifies that he caused the foregoing Motion to Dismiss to be served electronically upon the parties of record listed below August 6, 2008.


Brian J. Wanca                                     Phillip A. Bock
Ryan M. Kelly                                      Bock & Hatch LLC
Anderson & Wanca                                   134 N. LaSalle Street, Suite 1000
3701 Algonquin Road, Suite 760                     Chicago, IL  60602
Rolling Meadows, IL 60008


                                     s/Vasudev N. Addanki


Eric L. Samore, ARDC # 6181345
Vasudev N. Addanki, ARDC # 6278927
SMITH AMUNDSEN, LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Tel: (312) 894-3200
Fax: (312) 894-3210

Exhibit A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |  |
|---|---|---|
| IRA HOLTZMAN, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | No. **08CH00606** |
| v. | ) ) | |
| ROLAND GAUCHER d/b/a AAA COMMERCIAL ROOFING CO., | ) ) ) | |
| Defendant. | ) | |

### CLASS ACTION COMPLAINT

Plaintiff, IRA HOLTZMAN ("Plaintiff"), brings this action on behalf of himself and all other persons similarly situated, through his attorneys, and except as to those allegations pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, ROLAND GAUCHER d/b/a AAA COMMERCIAL ROOFING CO.

### PRELIMINARY STATEMENT

1.      This case challenges Defendant's practice of faxing unsolicited advertisements.

2.      The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.      Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time

that would have been spent on something else.  A junk fax interrupts the recipient's privacy.
Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for
authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and
require additional labor to attempt to discern the source and purpose of the unsolicited
message.

4.    On behalf of himself and all others similarly situated, Plaintiff brings this case
as a class action asserting claims against Defendant under the TCPA, the common law of
conversion, and the consumer protection statutes forbidding and compensating unfair business
practices.

5.    Plaintiff seeks an award of statutory damages for each violation of the TCPA.

### JURISDICTION AND VENUE

6.    Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted
business and committed tortious acts related to the matters complained of herein.

7.    Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because
some of the tortious acts complained of occurred in Cook County, Illinois.

8.    Federal jurisdiction does not exist because no federal question or claim is
asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms
of damages and fees.  Plaintiff expressly disclaims any individual recovery in excess of
$75,000.00, inclusive of all forms of damages and fees.

### PARTIES

9.    Plaintiff is a resident of Cook County, Illinois.

2

JUL-16-2008  16:32        JACKSON HARRIS BURL HUBER            860 774 5784    P.07

10.    On information and belief, Defendant, ROLAND GAUCHER operates a
roofing business from Putnam, Connecticut.

## FACTS

11.    On or about January 4, 2008, Defendant faxed an advertisement to Plaintiff.  A
copy of the facsimile is attached hereto as Exhibit A.

12.    Plaintiff had not invited or given permission to Defendant to send fax
advertisements.

13.    On information and belief, Defendant faxed the same and similar advertisements
to Plaintiff and more than 39 other recipients without first receiving the recipients' express
permission or invitation.

14.    There is no reasonable means for Plaintiff (or any other class member) to avoid
receiving illegal faxes.  Fax machines are left on and ready to receive the urgent
communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the
Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of
persons:

> All persons who (1) on or after four years prior to the filing of
> this action, (2) were sent telephone facsimile messages of
> material advertising the commercial availability of any property,
> goods, or services by or on behalf of Defendant, (3) with respect
> to whom Defendant did not have prior express permission or
> invitation for the sending of such faxes, and (4) with whom
> Defendant did not have an established business relationship.

3

17.     A class action is warranted because:

(a)     On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)     Whether Defendant sent unsolicited fax advertisements;

(ii)    Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

(iii)   The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)    Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)     Whether Defendant violated the provisions of 47 USC § 227;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)   Whether Defendant should be enjoined from faxing advertisements in the future; and

(viii)  Whether the Court should award trebled damages.

18.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving

4

unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

19.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

21.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.    The TCPA provides:

> 3.    Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> > (A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C)    Both such actions.

23.    The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

5

24.    Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

25.    The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

26.    Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services.

27.    Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

28.    Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, IRA HOLTZMAN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, ROLAND GAUCHER d/b/a AAA COMMERCIAL ROOFING CO., as follows:

6

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award $500.00 in damages for each violation of the TCPA;

C.    That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

D.    That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

29.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

31.    A class action is proper in that:

(a)    On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i)      Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)     The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii)    Whether Defendant committed the tort of conversion.

32.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

33.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.    By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

35.    Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

36.    By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

8

37.    Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

38.    Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

39.    Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

40.    Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, IRA HOLTZMAN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, ROLAND GAUCHER d/b/a AAA COMMERCIAL ROOFING CO., as follows:

9



A.    That the Court adjudge and decree that the present case may be properly

maintained as a class action, appoint Plaintiff as the representative of the class, and appoint

Plaintiff' counsel as counsel for the class;

B.    That the Court award appropriate damages;

C.    That the Court award costs of suit; and

D.    Awarding such further relief as the Court may deem just and proper, but in any

event, not more than $75,000.00 to any individual class member.

### COUNT III
### ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

41.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42.    In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class

of persons, bring Count III for Defendant's unfair practice of sending unsolicited and unlawful

fax advertisements:

> All persons in Illinois who (1) on or after a date three years prior
> to the filing of this action, (2) were sent telephone facsimile
> messages of material advertising the commercial availability of
> any property, goods, or services by or on behalf of Defendant,
> (3) with respect to whom Defendant did not have prior express
> permission or invitation for the sending of such faxes, and (4)
> with whom Defendant did not have an established business
> relationship.

43.    A class action is proper in that:

(a)    On information and belief the class consists of thousands of persons in

Illinois and throughout the United States and is so numerous that joinder of all members

is impracticable.

10

(b)     There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i)     Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iii)   Whether Defendant's practice of sending unsolicited faxed advertisements violates Illinois public policy;

(iv)    Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

(v)     Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

44.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

45.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

46.     Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense

11

without any consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

47.    Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

48.    Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

49.    Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, IRA HOLTZMAN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, ROLAND GAUCHER d/b/a AAA COMMERCIAL ROOFING CO., as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award damages to Plaintiff and the other class members;

C.    That the Court award attorney fees and costs;

D.    That the Court enter an injunction prohibiting Defendant from sending

unsolicited faxed advertisements to Illinois consumers; and

E.    Awarding such further relief as the Court may deem just and proper, but in any

event, not more than $75,000.00 to any individual member.

Respectfully submitted,

IRA HOLTZMAN, individually and as the
representative of a class of similarly-situated
persons

By:    _____
One of Plaintiff's Attorneys

Brian J. Wanca                          Phillip A. Bock
ANDERSON + WANCA                        DIAB & BOCK, LLC
3701 Algonquin Road, Suite 760          134 N. LaSalle Street, Suite 1000
Rolling Meadows, IL  60008              Chicago, IL  60602
Telephone:  847/368-1500                Telephone:  312/658-5500
Attorney No. 51306                      Attorney No. 42073

13

**EXHIBIT A**

# AAA COMMERCIAL ROOFING CO.

Roofing the state of Illinois for Over 30 Years

*All Work Guaranteed!*
*THE FLAT ROOF SPECIALISTS*

## WE SERVICE, MAINTAIN, AND INSTALL

Built-Up Systems, Modified Rubber Systems, Metal Roofs,
EPDM, PVC Hyperline, Tear offs, Flood Coatings,
Aluminum Roof Coatings, Roof Restoration,

Insurance Claims Welcome

Dear Friends and Neighbors,

AAA Commercial Roofing Company would like to take this opportunity to introduce our company and personnel to tell you about our services. We are specialists in the roofing business. We know that choosing a roofing company is not an easy task. AAA Commercial Roofing has been serving the Illinois state since 1976 and is a family owned and operated business. We are fully insured and have the best references in the Illinois Area. We are in the commercial roofing business only! We offer all types of quality roof systems and we only use proven materials such as Koppers, Mannville, Celotex and GAF. We also offer a full line of preventive maintenance to rejuvenate your old roof instead of replacing it. Please call us for a free evaluation and estimate.

NO JOB IS TOO LARGE OR SMALL...

ALSO WE OFFER OUR SERVICES 24/7, 365 DAYS A YEAR (AND HOLIDAYS).

FOR EMERGENCY REPAIRS AND SNOW REMOVALS,

MENTION THIS AD AND GET A 10% DISCOUNT OFF YOUR QUOTE.

CALL OUR CLOSEST LOCATION FOR A FREE ESTIMATE OR EVALUATION

Please call toll free 1-800-972-1344 for a free estimate

If you would like to be removed from our list, please call toll free 866-860-3439 and follow the voice prompts using pin: #4859