**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IRA HOLTZMAN, individually and as the representative of a class of similarly-situated persons,<br><br>    Plaintiff,<br><br>v.<br><br>ROLAND GAUCHER d/b/a AAA COMMERCIAL ROOFING CO.,<br><br>    Defendant.<br>_____<br><br>ROLAND GAUCHER d/b/a AAA COMMERCIAL ROOFING CO.,<br><br>    Counter-Plaintiff,<br><br>v.<br><br>IRA HOLTZMAN, individually and as the representative of a class of similarly-situated persons,<br><br>    Counter-Defendant. | Case No.   08 C 4310 |

### DEFENDANT/COUNTER-PLAINTIFF ROLAND GAUCHER'S COUNTERCLAIM AGAINST PLAINTIFF/COUNTER-DEFENDANT, IRA HOLTZMAN

**NOW COMES** Defendant/Counter-Plaintiff, ROLAND GAUCHER ("Gaucher"), by and through its attorneys, SmithAmundsen LLC, and for his Counterclaim against Plaintiff/Counter-Defendant, Ira Holtzman ("Holtzman"), states as follows:

## NATURE OF ACTION

This Counterclaim is brought for negligent infliction of emotional distress and for damages resulting from Holtzman's negligent use of legal process. Gaucher seeks damages and attorneys' fees.

## PARTIES

1. Gaucher is an individual and resident of Putnam, Windham County, Connecticut.

2. On information and belief, Holtzman is a resident of Cook County, Illinois.

## JURISDICTION AND VENUE

3. This Court has subject matter, federal question, and supplemental jurisdiction over this matter pursuant to 28 USC §§ 1331, 1367, 1441 and 1446.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a). At all times relevant hereto, a substantial part of the events giving rise to this claim occurred in the State of Illinois and in this District.

## BACKGROUND FACTS

5. Gaucher is a United States citizen residing in Putnam, Connecticut. Gaucher has been employed by a national defense contractor for over 40 years. For approximately 20 years, Gaucher has been in a supervisory capacity and has had significant responsibilities and access to sensitive information concerning the design and construction of nuclear submarines built for, and presumably used by, the United States Navy.

6. Gaucher's position with the defense contractor requires that his personal life, including his business associations and finances, be above reproach and open to inspection by governmental agencies, including the Federal Bureau of Investigation.

7. Holtzman's allegations that Gaucher was associated with a company other than the defense contractor and that Gaucher engaged in practices prohibited by law, although false, require that Gaucher pay significant sums of money for a defense to refute those allegations and also will require disclosure of the allegations in connection with maintaining his position with the defense contractor.

## SPECIFIC FACTS

8. On January 7, 2008, Holtzman filed a Class Action Complaint in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, in an action styled <u>Ira Holtzman v. Roland Gaucher d/b/a AAA Commercial Roofing Co.</u>, Case No. 08 CH 00606.

9. The Class Action Complaint alleges that "[o]n information and belief," Gaucher "operates a roofing business from Putnam, Connecticut," and suggests that that roofing business is "AAA Commercial Roofing Co." *See* Class Action Complaint, ¶ 10.

10. The Class Action Complaint alleges as fact that Gaucher "faxed an advertisement to Plaintiff." *See* Class Action Complaint, ¶ 11.

11. The Class Action Complaint alleges that "[o]n information and belief, Defendant faxed [a fax advertisement] and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation," in violation of the Telephone Consumer Protection Act, 47 USC § 227 ("TCPA").

12. Gaucher is not now and never has done business as "AAA Commercial Roofing Co." or any other roofing company.

13. Gaucher has not sent or caused to be sent any advertisements for "AAA Commercial Roofing Co." or any other "unsolicited advertisements" as defined by the TCPA.

14. The identity and location of the individuals involved with "AAA Commercial Roofing Co." are available through internet websites, including that of the Better Business Bureau, and none include Gaucher, or any person with a similar name or address as Gaucher.

## COUNT I – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

1-14. Gaucher incorporates Paragraphs 1-14 above as though fully set forth herein.

15. Holtzman's allegations in the Class Action Complaint are false and were made without adequate investigation of the accuracy of the alleged facts, and, moreover, were represented to the Court as "Facts."

16. Said allegations are false, unfounded, baseless, and made recklessly without concern for the effect they would have on Gaucher, his employment, and his reputation.

17. Holtzman had a duty to Gaucher to bring a lawsuit on a good faith basis only and only after proper investigation of the facts surrounding the allegations.

18. Holtzman breached his duty to Gaucher in one or more of the following ways:

(a) Failed to conduct a proper and sufficient investigation of the identity of Gaucher's employer;

(b) Failed to ascertain the officers, directors, shareholders, and employees of "AAA Commercial Roofing Co." to confirm whether Gaucher was an officer, director, shareholder and/or employee of "AAA Commercial Roofing Co.," or was in any way affiliated with "AAA Commercial Roofing Co.";

(c) Failing to exercise due diligence in ascertaining whether Gaucher, or any person and/or entity affiliated with Gaucher, sent the alleged facsimile transmission to Holtzman;

(d) Failing to establish even a modicum of a connection between Gaucher and "AAA Commercial Roofing Co.," or a person and/or entity affiliated with "AAA Commercial Roofing Co. prior to filing suit against Gaucher";

   (e)  Was otherwise careless or negligent.

 19. As a proximate cause of Holtzman's careless and negligent acts and/or omissions, Gaucher has suffered, and will continue to suffer throughout the pendency of Holtzman's lawsuit, serious and severe emotional distress.

 20. By reason of the sensitivity of Gaucher's employment with the defense contractor and the consequent likelihood of the pendency of Holtzman's lawsuit having an adverse impact upon said employment, Holtzman's false allegations have caused, and will continue to cause, Gaucher great anxiety and mental and emotional distress, which Holtzman knew or should have known would result.

 **WHEREFORE**, Defendant/Counter-Plaintiff, ROLAND GAUCHER, respectfully requests: that this Court enter judgment on Gaucher's Counterclaim in favor of Gaucher and against Plaintiff/Counter-Defendant, Ira Holtzman; award Gaucher his attorneys' fees and costs; and for such other relief that this Honorable Court deems just and proper.

### COUNT II – NEGLIGENCE

 1-18. Gaucher incorporates Paragraphs 1-18 of Count I above as though fully set forth herein.

 19. As a proximate cause of Holtzman's careless and negligent acts and/or omissions, Gaucher has suffered, and will continue to suffer throughout the pendency of Holtzman's lawsuit, monetary damages expended in defending Holtzman's lawsuit.

 20. By reason of the sensitivity of Gaucher's employment with the defense contractor and the consequent likelihood of the pendency of Holtzman's lawsuit having an adverse impact upon said employment, Gaucher has been caused to incur time and expense in defending against Holtzman's false, unfounded, and baseless allegations, which Holtzman knew or should have

known would result.

**WHEREFORE**, Defendant/Counter-Plaintiff, ROLAND GAUCHER, respectfully requests: that this Court enter judgment on Gaucher's Counterclaim in favor of Gaucher and against Plaintiff/Counter-Defendant, Ira Holtzman; award Gaucher his attorneys' fees and costs; and for such other relief that this Honorable Court deems just and proper.

                          Respectfully submitted,

By:   /s/ Vasudev N. Addanki_____
       Attorneys for Defendant/Counter-Plaintiff
       ROLAND GAUCHER

Eric L. Samore
Vasudev N. Addanki
SmithAmundsen LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Tel: (312) 894-3200
Fax: (312) 894-3210
Firm No. 42907
Attorney for ROLAND GAUCHER

## **CERTIFICATE OF SERVICE**

Vasudev N. Addanki, an attorney, certifies that he caused the foregoing Counterclaim to be served electronically upon the parties of record listed below August 6, 2008.

| | |
|---|---|
| Brian J. Wanca | Phillip A. Bock |
| Ryan M. Kelly | Bock & Hatch LLC |
| Anderson & Wanca | 134 N. LaSalle Street, Suite 1000 |
| 3701 Algonquin Road, Suite 760 | Chicago, IL  60602 |
| Rolling Meadows, IL 60008 | |

s/Vasudev N. Addanki

Eric L. Samore, ARDC  #6181345
Vasudev N. Addanki, ARDC  #6278927
SMITHAMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Tel: (312) 894-3200
Fax: (312) 894-3210
Firm No. 42907
COUNSEL FOR ROLAND GAUCHER